**B1 (Official Form 1) (12/11)**

| UNITED STATES BANKRUPTCY COURT<br>Northern District of Illinois | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Midwest Generation EME, LLC | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):  33-0861760 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>500 West Madison Street, Suite 2640<br>Chicago, Illinois<br>ZIP CODE 60661 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Cook County, Illinois | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check **one** box.) | Nature of Business<br>(Check **one** box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check **one** box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other  (Energy) | ☐ Chapter 7    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☑ Chapter 11   ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 12<br>☐ Chapter 13 |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable.) | Nature of Debts<br>(Check **one** box.) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    ☑ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☑ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☑ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☑ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Midwest Generation EME, LLC | |
|---|---|---|

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor:<br>See Attached Rider 1. | Case Number: | Date Filed: |
| District:<br>Northern District of Illinois | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐  Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>Signature of Attorney for Debtor(s)       (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☑  No.  See Attached Exhibit C.

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐  Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐  Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☑  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐  Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | Midwest Generation EME, LLC |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>   Signature of Debtor<br><br>X _____<br>   Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐  I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐  Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>   (Signature of Foreign Representative)<br><br>_____<br>   (Printed Name of Foreign Representative)<br><br>_____<br>   Date |
| **Signature of Attorney\*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
| X  /s/ David R. Seligman, P.C.<br>_____<br>Signature of Attorney for Debtor(s)<br>   David R. Seligman, P.C.<br>_____<br>Printed Name of Attorney for Debtor(s)<br>   Kirkland & Ellis LLP<br>_____<br>Firm Name<br><br>   300 North LaSalle<br>   Chicago, Illinois 60654<br>_____<br>Address<br>   (312) 862-2000<br>_____<br>Telephone Number<br>   12/17/2012<br>_____<br>Date<br><br>\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |
| **Signature of Debtor (Corporation/Partnership)** | _____<br>Address |
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X  /s/ Maria Rigatti<br>_____<br>Signature of Authorized Individual<br>   Maria Rigatti<br>_____<br>Printed Name of Authorized Individual<br>   Authorized Signatory<br>_____<br>Title of Authorized Individual<br>   12/17/2012<br>_____<br>Date | X _____<br>   Signature<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

B 1C (Official Form 1, Exhibit C) (9/01)

*[If, to the best of the debtor's knowledge, the debtor owns or has possession of property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety, attach this Exhibit "C" to the petition.]*

# UNITED STATES BANKRUPTCY COURT

### Northern District of Illinois

In re   Midwest Generation EME, LLC                    ,   )   Case No.  12-[_____] (___)

　　　　　　　　　Debtor                                )

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　)

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　)   Chapter   11

## EXHIBIT "C" TO VOLUNTARY PETITION

1.  Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of  imminent and identifiable harm to the public health or safety (attach additional sheets if  necessary):

The Debtors note that they are not aware of any definition of "imminent and identifiable harm" as used in this form. The Debtors do not believe they own or possess any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety.

The Debtors have been in litigation with certain governmental units and private third parties related to alleged harm arising from certain real property owned or possessed by the Debtors and the Debtors have also been engaged in remediation efforts at certain real property owned or possessed by the Debtors.  The Debtors do not believe that this real property poses a "threat of imminent and identifiable harm to the public health or safety."

2. With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

The Debtors note that they are not aware of any definition of "imminent and identifiable harm" as used in this form. The Debtors are not aware of any dangerous conditions existing on or related to any real or personal property owned or possessed by the Debtors that pose or are alleged to pose a threat of imminent and identifiable harm to the public health or safety.  As noted in response to Question 1 above, the Debtors own or possess certain property that is subject to litigation or remediation under environmental laws.

## Rider 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Northern District of Illinois for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Edison Mission Energy.

1.  Edison Mission Energy

2.  Camino Energy Company

3.  Chestnut Ridge Energy Company

4.  Edison Mission Energy Fuel Services, LLC

5.  Edison Mission Fuel Resources, Inc.

6.  Edison Mission Fuel Transportation, Inc.

7.  Edison Mission Holdings Co.

8.  Edison Mission Midwest Holdings Co.

9.  Midwest Finance Corp.

10.  Midwest Generation EME, LLC

11.  Midwest Generation, LLC

12.  Midwest Generation Procurement Services, LLC

13.  Midwest Peaker Holdings, Inc.

14.  Mission Energy Westside, Inc.

15.  San Joaquin Energy Company

16.  Southern Sierra Energy Company

17.  Western Sierra Energy Company

## MIDWEST GENERATION EME, LLC
### SECRETARY'S CERTIFICATE

The undersigned, Crystal S. Needham, hereby certifies that she is the duly appointed and acting Secretary of Midwest Generation EME, LLC, a Delaware limited liability company (the "Company") and further certifies as follows:

Attached hereto as <u>Exhibit A</u> is a true and correct copy of the resolutions entitled "Voluntary Petition for Relief," which were duly adopted by the Board of Managers of the Company on December 16, 2012. Such resolutions remain in full force and effect as of the date hereof and have not been amended or rescinded in whole or in part in any respect.

**IN WITNESS WHEREOF**, the undersigned has duly executed this certificate in her capacity as Secretary of the Company as of December 16, 2012.

Crystal S. Needham, Secretary

# EXHIBIT A

**Resolutions**

**RESOLUTIONS OF THE BOARD OF MANAGERS OF
MIDWEST GENERATION EME, LLC**

**Voluntary Petition for Relief**

WHEREAS, the Board of Managers of Midwest Generation EME, LLC (the "Company") considered presentations by the Company's management and its financial and legal advisors regarding the liabilities and liquidity situation of the Company's parent, Edison Mission Energy ("EME"), and the corresponding impact this has had on the Company, the strategic alternatives available to EME and the impact of the foregoing on the Company's business, including a summary of the terms and conditions of that certain Transaction Support Agreement (together with its related term sheets annexed thereto, the "TSA"), the terms of which have been negotiated by EME, on behalf of itself and its subsidiaries (including the Company), Edison International, and a majority of holders of EME's unsecured bond indebtedness totaling approximately $3.7 billion; and

WHEREAS, the Board of Managers has had the opportunity to consult with the Company's management and its financial and legal advisors and fully consider the strategic alternatives available to the Company.

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Board of Managers, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (the chapter 11 cases to be commenced by such voluntary petition, and the cases to be commenced by the voluntary petitions to be filed by certain of the Company's affiliates, including EME, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

RESOLVED FURTHER, that each of Pedro Pizarro, Maria Rigatti, Daniel McDevitt, or any other officer of the Company (each, an "Authorized Officer" and, collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and hereby is, authorized, empowered and directed to execute and file, or cause to be executed or filed, on behalf of the Company all petitions, schedules, lists and other motions, papers, applications or documents, and to take any and all action that such Authorized Officer deems necessary or proper to obtain such relief, including, without limitation, any action necessary to facilitate the administration of the Chapter 11 Cases;

RESOLVED FURTHER, that the Board of Managers authorizes and approves of entry into the TSA and hereby directs the Authorized Officers to take such action as is necessary with respect to the TSA and the obligations of the Company contemplated thereunder;

RESOLVED FURTHER, that the execution and delivery by any of the Authorized Officers of the TSA in the name of and on behalf of the Company and the Company's performance of its obligations under the TSA be, and hereby are, in all respects, ratified, confirmed, and approved as the acts or actions of the Company, with such execution and delivery to be conclusive evidence that the same has been authorized, be, and hereby is, in all respects, approved;

RESOLVED FURTHER, that each of the Authorized Officers be, and hereby is, authorized and empowered to take all such further actions relating to the transactions contemplated by the TSA and to execute and deliver all such supplemental agreements, instruments, certificates, or documents in the name of and on behalf of the Company, which shall in their sole judgment be necessary, proper, or advisable in order to perform the Company's obligations under or in connection with the TSA and the transactions contemplated therein, and to carry out fully the intent of the foregoing resolutions;

RESOLVED FURTHER, that each Authorized Officer be, and hereby is, authorized and directed to employ the law firm of Kirkland & Ellis LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each Authorized Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP;

RESOLVED FURTHER, that each Authorized Officer be, and hereby is, authorized and directed to employ the firm of Perella Weinberg Partners as investment banker and financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each Authorized Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate

applications for authority to retain the services of Perella Weinberg Partners;

RESOLVED FURTHER, that each Authorized Officer be, and hereby is, authorized and directed to employ the firm of McKinsey Recovery and Transformation Services U.S., LLC as restructuring advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each Authorized Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of McKinsey Recovery and Transformation Services U.S., LLC;

RESOLVED FURTHER, that each Authorized Officer be, and hereby is, authorized and directed to employ the firm of GCG, Inc. as notice, claims, and balloting agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each Authorized Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of GCG, Inc.;

RESOLVED FURTHER, that each Authorized Officer be, and hereby is, authorized and directed to employ the law firm of McDonald Hopkins LLC as conflicts counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each Authorized Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of McDonald Hopkins LLC;

RESOLVED FURTHER, that each Authorized Officer be, and hereby is, authorized and directed to employ any other attorneys, investment bankers, accountants, restructuring professionals, experts, advisors and other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each Authorized Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of any other attorneys, investment bankers, accountants, restructuring

professionals, experts, advisors and other professionals as necessary, appropriate, or desirable;

RESOLVED FURTHER, that each Authorized Officer and any employees, agents, attorneys, investment bankers, accountants, advisors and other professionals designated by or directed by any such Authorized Officer, be, and each hereby is, authorized, empowered and directed to execute and file, or cause to be executed or filed, all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case;

RESOLVED FURTHER, that all members of the Board of Managers of the Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice;

RESOLVED FURTHER, that, consistent with the foregoing resolutions, each Authorized Officer is hereby authorized, directed and empowered, in such Authorized Officer's discretion, on behalf of and in the name of the Company, as applicable, to (a) prepare, execute and deliver or cause to be prepared, executed and delivered, and where necessary, appropriate or desirable, file or cause to be filed with the appropriate governmental authorities, all other agreements, instruments and documents, including but not limited to all certificates, contracts, bonds, receipts or other papers, (b) incur and pay or cause to be paid all fees, expenses and taxes, including without limitation, legal fees and expenses, (c) engage such persons as such Authorized Officer shall in his or her judgment determine to be necessary, appropriate or desirable, and (d) do any and all other acts and things as such Authorized Officer deems necessary, appropriate, or desirable to carry out fully the intent and accomplish the purposes of the foregoing resolutions and each of the transactions contemplated thereby (and the doing of any such act or thing shall be conclusive evidence that the same is deemed necessary, appropriate or desirable);

RESOLVED FURTHER, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company,

which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Board of Managers; and

RESOLVED FURTHER, that each Authorized Officer be and hereby is authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officer's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the foregoing resolutions.

\*   \*   \*   \*   \*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| EDISON MISSION ENERGY, et al.,[1] | ) | Case No. 12-[_____] (___) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING THE TOP 30 LARGEST UNSECURED CLAIMS

       The above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code. The following is the consolidated list of the Debtors' creditors holding the 30 largest unsecured claims (the "Consolidated List") based on the Debtors' books and records as of approximately December 16, 2012. The Consolidated List is prepared in accordance with rule 1007(d) of the Federal Rules of Bankruptcy Procedure. The Consolidated List does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (2) secured creditors. The information contained herein shall neither constitute an admission of liability by, nor bind, the Debtors. The information herein, including the failure of the Debtors to list any claim as contingent, unliquidated, or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority, or amount of any claim.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Edison Mission Energy (1807); Camino Energy Company (2601); Chestnut Ridge Energy Company (6590); Edison Mission Energy Fuel Services, LLC (4630); Edison Mission Fuel Resources, Inc. (3014); Edison Mission Fuel Transportation, Inc. (3012); Edison Mission Holdings Co. (6940); Edison Mission Midwest Holdings Co. (6553); Midwest Finance Corp. (9350); Midwest Generation EME, LLC (1760); Midwest Generation, LLC (8558); Midwest Generation Procurement Services, LLC (2634); Midwest Peaker Holdings, Inc. (5282); Mission Energy Westside, Inc. (0657); San Joaquin Energy Company (1346); Southern Sierra Energy Company (6754); and Western Sierra Energy Company (1447). The location of parent Debtor Edison Mission Energy's corporate headquarters and the Debtors' service address is: 3 MacArthur Place, Suite 100, Santa Ana, California 92707.

| | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|---|
| 1. | WELLS FARGO BANK, NA,, AS INDENTURE TRUSTEE | WELLS FARGO BANK, NA,, AS INDENTURE TRUSTEE ATTN MADDY HALL ATTN: CORPORATE TRUST ADMINISTRATION 707 WILSHIRE BLVD, 17TH FLOOR LOS ANGELES, CA 90017 213-614-2588 | 7.00% Senior Notes due May 15, 2017 | | $1,249,728,000.00 |
| 2. | WELLS FARGO BANK, NA,, AS INDENTURE TRUSTEE | WELLS FARGO BANK, NA,, AS INDENTURE TRUSTEE ATTN MADDY HALL ATTN: CORPORATE TRUST ADMINISTRATION 707 WILSHIRE BLVD, 17TH FLOOR LOS ANGELES, CA 90017 213-614-2588 | 7.20% Senior Notes due May 15, 2019 | | $834,104,320.00 |
| 3. | WELLS FARGO BANK, NA,, AS INDENTURE TRUSTEE | WELLS FARGO BANK, NA,, AS INDENTURE TRUSTEE ATTN MADDY HALL ATTN: CORPORATE TRUST ADMINISTRATION 707 WILSHIRE BLVD, 17TH FLOOR LOS ANGELES, CA 90017 213-614-2588 | 7.625% Senior Notes due May 15, 2027 | | $731,612,826.40 |
| 4. | WELLS FARGO BANK, NA,, AS INDENTURE TRUSTEE | WELLS FARGO BANK, NA,, AS INDENTURE TRUSTEE ATTN MADDY HALL ATTN: CORPORATE TRUST ADMINISTRATION 707 WILSHIRE BLVD, 17TH FLOOR LOS ANGELES, CA 90017 213-614-2588 | 7.75% Senior Notes due June 15, 2016 | | $519,590,277.78 |
| 5. | WELLS FARGO BANK, NA,, AS INDENTURE TRUSTEE | WELLS FARGO BANK, NA,, AS INDENTURE TRUSTEE ATTN MADDY HALL ATTN: CORPORATE TRUST ADMINISTRATION 707 WILSHIRE BLVD, 17TH FLOOR LOS ANGELES, CA 90017 213-614-2588 | 7.50% Senior Notes due June 15, 2013 | | $518,958,333.33 |
| 6. | NESBITT ASSET RECOVERY SERIES P-1 | NESBITT ASSET RECOVERY SERIES P-1 ATTN ROBERT HINES, JR. C/O WILMINGTON TRUST COMPANY ATTN: CORPORATE TRUST ADMINISTRATION RODNEY SQUARE NORTH 1100 NORTH MARKET STREET WILMINGTON, DE 19890 302-651-1000 | Leveraged Lease Transaction | | $23,373,648.00 |
| 7. | NESBITT ASSET RECOVERY SERIES J-1 | NESBITT ASSET RECOVERY SERIES J-1 ATTN ROBERT HINES, JR. C/O WILMINGTON TRUST COMPANY ATTN: CORPORATE TRUST ADMINISTRATION RODNEY SQUARE NORTH 1100 NORTH MARKET STREET WILMINGTON, DE 19890 302-651-1000 | Leveraged Lease Transaction | | $20,135,833.00 |

| | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|---|
| 8. | COMMONWEALTH EDISON COMPANY | COMMONWEALTH EDISON COMPANY THREE LINCOLN CENTER OAKBROOK TERRACE, IL 60181-4260 630-437-2271 | | Contingent Unliquidated Disputed | $19,161,750.06 |
| 9. | POWERTON TRUST II | POWERTON TRUST II ATTN ROBERT HINES, JR. C/O WILMINGTON TRUST COMPANY ATTN: CORPORATE TRUST ADMINISTRATION RODNEY SQUARE NORTH 1100 NORTH MARKET STREET WILMINGTON, DE 19890 302-651-1000 | Leveraged Lease Transaction | | $13,988,402.00 |
| 10. | JOLIET TRUST II | JOLIET TRUST II ATTN ROBERT HINES, JR. C/O WILMINGTON TRUST COMPANY ATTN: CORPORATE TRUST ADMINISTRATION RODNEY SQUARE NORTH 1100 NORTH MARKET STREET WILMINGTON, DE 19890 302-651-1000 | Leveraged Lease Transaction | | $11,430,658.00 |
| 11. | KERN RIVER GAS TRANSMISSION COMPANY | KERN RIVER GAS TRANSMISSION COMPANY ATTN KRISTIN GILLETTE 2755 EAST COTTONWOOD PARKWAY SALT LAKE CITY, UT 84121 | Contract Holdback | Contingent Disputed | $2,171,314.44 |
| 12. | SOUTHERN ENVIRONMENTAL | SOUTHERN ENVIRONMENTAL ATTN MICK CHAMBERS, DIRECTOR OF CONTRACTS 6690 WEST NINE MILE ROAD PENSACOLA, FL 32526 850-982-1826 | Trade Vendor | | $1,899,300.00 |
| 13. | INTER-CON SECURITY SYSTEMS | INTER-CON SECURITY SYSTEMS ATTN GERARD NEVILLE 210 SOUTH DE LACEY AVE PASADENA, CA 91105-2048 626-535-2229 | Trade Vendor | | $680,930.25 |
| 14. | PATTEN INDUSTRIES, INC. | PATTEN INDUSTRIES, INC. ATTN CLYDE KESSEL 635 WEST LAKE STREET ELMHURST, IL 60126 630-279-4400 | Trade Vendor | | $670,529.47 |
| 15. | PEABODY COAL SALES | PEABODY COAL SALES ATTN MIKE SIEBERS 701 MARKET STREET ST. LOUIS, MO 63101-1826 314-342-7528 | Trade Vendor | | $591,406.19 |
| 16. | UNION PACIFIC RAILROAD | UNION PACIFIC RAILROAD PO BOX 502453 ST. LOUIS, MO 63150-2453 402-544-7821 | Trade Vendor | | $537,735.01 |
| 17. | ROWELL CHEMICAL CORP | ROWELL CHEMICAL CORP ATTN KIP COCO, ACCT MGR 15 SALT CREEK LANE SUITE 205 HINSDALE, IL 60521 | Trade Vendor | | $495,138.16 |

| | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|---|
| 18. | BEEMSTERBOER, INC. | BEEMSTERBOER, INC. ATTN SIMON BEEMSTERBOER 22013 S. SCHOOLHOUSE RD NEW LENOX, IL 60451 | Trade Vendor | | $492,232.50 |
| 19. | ALTORFER INC. | ALTORFER INC. ATTN TIM KIRCHNER 1 CAPITAL DRIVE EAST PEORIA, IL 61611 309 264-4377 | Trade Vendor | | $482,433.64 |
| 20. | MITSUBISHI POWER SYSTEMS, INC | MITSUBISHI POWER SYSTEMS, INC ATTN RICHARD D. SIDKOFF, ESQ. NEW YORK BRANCH (USA) 100 BAYVIEW CIRCLE NEWPORT BEACH, CA 92660 949-856-8455 | Trade Vendor | | $470,000.00 |
| 21. | SAFWAY SERVICES, LLC | SAFWAY SERVICES, LLC ATTN SCOTT METZ, ACCT MGR OS 490 ROUTE 83 OAKBROOK TERRACE, IL 60181 630-833-5840 | Trade Vendor | | $334,392.33 |
| 22. | STOCK EQUIPMENT | STOCK EQUIPMENT ATTN TONY LEGAN SOLVERA PARTICULATE CONTROLS INC 16490 CHILLICOTHE ROAD CHAGRIN FALLS, OH 44023-4398 440-543-6000 | Trade Vendor | | $275,406.50 |
| 23. | ARCH COAL SALES COMPANY, INC. | ARCH COAL SALES COMPANY, INC. ATTN ROWDY SMITH PO BOX 96828 CHICAGO, IL 60603 314-994-2720 | Trade Vendor | | $269,796.80 |
| 24. | ABB, INC. | ABB, INC. ATTN JOHN JOHNSON 29801 EUCLID AVENUE WICKLIFFE, OH 44092 630 767-0549 | Trade Vendor | | $257,738.54 |
| 25. | YARA NORTH AMERICA, INC | YARA NORTH AMERICA, INC ATTN DAN HEFFERNAN 100 NORTH TAMPA ST. SUITE 3200 TAMPA, FL 33602 519 641-3777 | Trade Vendor | | $256,836.96 |
| 26. | BP CANADA ENERGY | BP CANADA ENERGY ATTN SANDRA ONSTOTT 3464 SOLUTIONS CENTER 713-323-8933 | Trade Vendor | | $253,307.01 |
| 27. | PEOPLE'S GAS | PEOPLE'S GAS ATTN JOSIE LEWIS CHICAGO,IL 60687-0001 312-240-4124 | Trade Vendor | Contingent Unliquidated Disputed | $243,092.36 |
| 28. | CLENNON ELECTRIC | CLENNON ELECTRIC ATTN LARRY CLENNON  OWNER 210 NORTH MAIN ST., PO BOX 368 WILMINGTON, IL 60481 815-476-7741 | Trade Vendor | | $231,869.64 |

| | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|---|
| 29. | LAFARGE NORTH AMERICA | LAFARGE NORTH AMERICA ATTN DAVE DIEDRICK 30600 TELEGRAPH ROAD BINGHAM FARMS, MI 48025-4530 248-594-1191 | Trade Vendor | | $228,166.81 |
| 30. | NORIT AMERICAS INC | NORIT AMERICAS INC ATTN ROB NEBERGALL, BUSINESS MANAGER 3200 UNIVERSITY AVENUE MARSHALL, TX 75670 903 935-4774 | Trade Vendor | | $220,300.54 |

### DECLARATION UNDER PENALTY
### OF PERJURY REGARDING CONSOLIDATED LIST OF CREDITORS

Pursuant to 28 U.S.C. § 1746, I, Maria Rigatti, declare under penalty of perjury that I have reviewed the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims and that it is true and correct to the best of my information and belief.


Dated:  December 17, 2012                    */s/ Maria Rigatti*
_____
                                             Maria Rigatti
                                             Authorized Signatory

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| MIDWEST GENERATION EME, LLC, | ) | Case No. 12-_____ (____) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Midwest Generation EME, LLC | Edison Mission Energy | 500 West Madison Street Suite 2640 Chicago, Illinois 60661 | 100% |

## DECLARATION UNDER PENALTY OF PERJURY

I, Maria Rigatti, the undersigned authorized signatory of Midwest Generation EME, LLC, declare under penalty of perjury that I have read the foregoing list of equity security holders and that it is true and correct to the best of my information and belief.

Dated:  December 17, 2012

*/s/ Maria Rigatti*
Maria Rigatti
Authorized Signatory

---

[1]  This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MIDWEST GENERATION EME, LLC, | ) | Case No. 12-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Edison Mission Energy | 100% |

## DECLARATION UNDER PENALTY OF PERJURY

I, Maria Rigatti, the undersigned authorized signatory of Midwest Generation EME, LLC, declare under penalty of perjury that I have read the foregoing corporate ownership statement and that it is true and correct to the best of my information and belief.


Dated:  December 17, 2012              */s/ Maria Rigatti*_____
                                                        Maria Rigatti
                                                        Authorized Signatory